SARTAIN, Judge.
This controversy is over the proceeds of a fire insurance policy. The plaintiff-insured now appeals from an adverse judgment of the district court. We are not favored with either written or oral reasons of the trial judge and the record itself does not contain many of the documents relied upon by the parties. However, we have determined the undisputed facts presented below from pretrial memoranda contained in the record, briefs filed in and oral argument of both counsel in this court. The issues presented are solely questions of law. We affirm.
Suit was originally brought by plaintiff, Alvin Sidney Griffin, against Stuyvesant Insurance Company (Stuyvesant) for benefits under a fire insurance policy. The policy in question covered a 1971 Rebel mobile home owned by plaintiff. The policy was required by Mobile Home Brokers, Inc. (Mobile) which held a mortgage on the mobile home. Mobile was originally named as “loss payee” under the policy. Subsequently Mobile transferred the note and mortgage to Commercial Credit Corporation (Commercial). Upon request Stuyvesant substituted Commercial as loss payee on the fire policy.
The home was severely damaged by fire on January 25, 1974. After early settlement attempts were unsuccessful Griffin brought this suit against Stuyvesant. Eventually a settlement figure of $2179.28 was reached and a check in this amount was issued by Stuyvesant to Griffin and Commercial in accordance with the face sheet of the policy. After a dispute developed as to the disposition of this sum Stuyvesant was permitted to deposit its check into the registry of the court as full settlement of its obligation under the policy.
When this suit was pending Commercial brought suit on October 1, 1974, against Griffin for nonpayment of the promissory note. Judgment was rendered therein in favor of Commercial and against Griffin on February 5, 1975, for $5358.24 plus costs and fees. The home was sold at sheriff’s sale on April 9, 1975, to Commercial for $666.68. Subsequently Mobile purchased the home from Commercial and took an assignment of Commercial’s interest in the proceeds of the insurance policy and in the judgment.
After trial on the merits of this action judgment was rendered by the trial court awarding the funds in the registry of the court to Mobile Home Brokers, Inc. Griffin thereupon brought this appeal. He asserts four errors by the trial judge which we will address in turn.
Griffin asserts that there was no assignment of interest to Mobile sufficient to vest it with the right to make claim to the funds in the registry of the court. Griffin likewise asserts that Mobile has no right or cause of action to claim these funds. *257 These assertions are based upon the same facts and will be treated together. Stuyvesant was not notified of the assignment to Mobile after the sheriff’s sale. Therefore, urges Griffin, the assignment was invalid under the policy and under R.S. 22:691. However, even assuming that it was necessary to notify Stuyvesant under the policy and the law, Stuyvesant has made no objection to this fact. Appellant has cited us to no authority for allowing him to assert this defense of Stuyvesant. We can conceive of no reason for allowing him to do so and therefore reject this argument.
Appellant then urges that whatever rights held by either Commercial or Mobile prescribed when no action was brought by either within twelve months of the loss. R.S. 22:691. However, this provision is clearly for the benefit of the insurance company. We do not believe that Griffin may rely on it. In any event suit was commenced, by Griffin, within twelve months of the loss. This is all that the statute requires.
Griffin also asserts that his attorney is entitled to a portion of the fund as compensation for “services rendered, quantum meruit, quasi-contract, and/or creation of a fund from which defendant, Mobile, ultimately benefited.” However, this issue is simply not before us. Appellant’s attorney was never a party to these proceedings and, in any event, has not appealed. If appellant’s demand is read as asking for attorney’s fees in his favor, it cannot be sustained. There is no authority for allowing attorney’s fees to an unsuccessful litigant.
At oral argument for the first time appellant made a final assertion. He urged that the chattel mortgage was extinguished by the sheriff’s sale. This is correct. However, the property did not bring a sufficient sum at the sheriff’s sale to satisfy Commercial’s judgment. Therefore the debt was not extinguished. Under Louisiana law the fact that a judgment is obtained on a debt does not extinguish the underlying debt. C.C.Arts. 2130, 2285-2286; Dixon, Booksh, & Zimmering, Res Judicata in Louisiana Since Hope v. Madison, 51 Tul.L.Rev. 611, 614 n. 17 (1977).
Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.